UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDDIE J. ISAACS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00588-MJD-RLY |
| MICHAEL J. ASTRUE Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Plaintiff Freddie Isaacs' Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Dkt. 31]. Plaintiff seeks an award of attorney's fees in the amount of $3,589.75 following the Court's entry of final judgment [Dkt. 28] remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings.

### I.   Legal Standard

The EAJA requires that, in a suit by or against the federal government, the court award to a prevailing party (other than the United States) her attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. 28 U.S.C. § 2412(d). Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The

amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a maximum rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

## II.  Discussion

The Commissioner raises two arguments in opposition to Plaintiff's fee request: 1) Plaintiff has not met his burden to show that he is entitled to a cost of living increase; and 2) any EAJA fees awarded by this Court should be paid directly to the Plaintiff and not Plaintiff's counsel.[1]

First, the Commissioner argues that the Court should award fees at no more than the $125.00 hourly statutory amount. Congress has authorized the courts to award an increased hourly rate based upon the cost of living if a fee higher than $125.00 per hour is justified; however, the Seventh Circuit has determined that an enhanced hourly rate is not automatic. 28 U.S.C. § 2412(d)(2)(A); *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1:10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012).

---

[1] The Commissioner suggests via a footnote that the time reported by Plaintiff's counsel was not the actual time expended as Plaintiff's counsel has a history of not keeping time sheets. [Dkt. 34 at 1 n.1.] This suggestion by the Commissioner appears to be entirely speculative. Besides pointing to prior cases of Plaintiff's counsel's misdeeds, the Commissioner does not point to any other evidence to support that the time expended by counsel was not the actual time. In keeping with the requirements of the statute, Plaintiff's counsel provided an itemized statement of the time expended on this matter. The Commissioner does not object to Plaintiff's counsel's log of hours nor does the Commissioner argue that the hours expended were unreasonable or excessive. Therefore, any argument that the amount of hours expended by Plaintiff's counsel are excessive or unreasonable are deemed waived for being undeveloped. *See Ehrhart v. Sec'y of Health & Human Serv.*, 969 F.2d 534, 537 n.5 (7th Cir. 1992); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Notwithstanding, having examined the hours, the Court finds that the hours expended by Plaintiff's counsel are reasonable under the circumstances.

The Court finds that Plaintiff has provided adequate justification for a cost of living increase by citing to relevant cases where this Court awarded such an increase. [Dkt. 31-1 at 4.] However, the Court is not persuaded by Plaintiff's counsel's calculation of the hourly rate for 2013. Plaintiff's counsel states that the calculation for his rates in 2012 and 2013 are derived from the Consumer Price Index by using a calculator found on the Department of Labor, Bureau of Labor Statistics' website. While the Court finds this to be an acceptable form of calculation, the rate calculated from this website for 2013 does not match the rate provided in Plaintiff's exhibit. The hourly rate from the website for 2013 was calculated to be at $185.68, United States Dept. of Labor, Bureau of Labor Statistics – CPI Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm (last visited Dec. 27, 2013), as opposed to $186.03 cited in Plaintiff's exhibit [Dkt. 31-1 at 4 n. 2]. The Court finds that the calculation for 2012 is acceptable according to the website. Therefore, the Court awards Plaintiff a cost of living increase for fees at the rate of $182.91 for 2012 and $185.68 for 2013.

Next, the Commissioner argues that this Court should award EAJA fees to the Plaintiff and not her counsel. The Supreme Court has held that an EAJA award is payable to the litigant and is therefore subject to a Government offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). However, the Supreme Court went on to note that payments can be made directly to counsel in instances where the plaintiff does not owe a debt to the government and has assigned his or her right to receive the fees to the attorney. *Id*. at 2529. Plaintiff has filed a copy of such an assignment executed by Plaintiff in favor of counsel. [Dkt. 26-4.] Therefore, the Court orders that the Commissioner pay counsel for Plaintiff directly, less any debt owed by Plaintiff to the federal government.

### III. Conclusion

For the aforementioned reasons, Plaintiff's application for an award of attorney's fees [Dkt. 31] under the EAJA is **GRANTED IN PART**. Plaintiff shall be entitled to fees for 12.125 hours for 2012 at the hourly rate of $182.91 and 7.375 hours for 2013 at the hourly rate of $185.68 for a total award of $3,587.18.

Date: 01/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov